**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YEIMY ALEXANDRA AMADOR MOLINA,<br><br>Petitioner,<br><br>v.<br><br>ARTHUR J. WILSON, JR., *et al.*,<br><br>Respondents. | No. 26cv11382 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Petitioner Yeimy Amador Molina seeks relief under the general habeas statute, 28 U.S.C. § 2241, the Fifth Amendment, and the Administrative Procedure Act ("APA") from conditions imposed following her parole from immigration detention and seeks return of her identification documents and protection against future actions to remove her from the United States while she holds Special Immigrant Juvenile ("SIJ") status and is subject to deferred action. D.E. 1 ("Petition"). Respondents answered the Petition, D.E. 8 ("Answer"), and Petitioner replied, D.E. 9 ("Reply"). For the reasons below, the Court will **DENY** Counts One through Four, Six, and Seven; **DISMISS *without prejudice*** Count Five; and **DENY** Count Eight insofar as it seeks declaratory relief concerning Petitioner's existing supervision conditions.

## I. BACKGROUND

Petitioner Yeimy Amador Molina is a Colombian national who was placed in expedited removal proceedings on November 16, 2022, shortly after entering the United States. D.E. 6-1 ("Expedited Removal Order"). On February 3, 2025, U.S. Citizenship and Immigration Services ("USCIS") approved Petitioner's Form I-360 petition for Special Immigrant Juvenile ("SIJ")

classification and granted her deferred action from removal through February 3, 2029, unless earlier terminated. D.E. 1-2 ("USCIS Notice of Action").

On June 9, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner when she appeared at its Newark office for a credible-fear interview. Petition ¶ 2. On June 30, 2026, an immigration judge affirmed the Department of Homeland Security's ("DHS") negative credible fear determination and returned Petitioner's case to DHS for removal from the United States. D.E. 6-2 at 5 ("IJ Credible Fear Review Order"). On July 30, 2026, ICE released Petitioner from immigration detention on parole pursuant to 8 U.S.C. § 1182(d)(5)(A), subject to conditions that initially included GPS ankle monitoring. D.E. 8-1 at 2 ("Interim Notice of Parole"); D.E. 8-2 ("Electronic Monitoring Program (GPS)"). Although ICE removed the ankle monitor on September 3, 2026, the same day that Petitioner filed the instant Petition, Petitioner remains subject to parole supervision requirements administered through ICE's Intensive Supervision Appearance Program ("ISAP"), including SmartLINK electronic reporting (a smartphone app), location verification, in-person check-ins, scheduled home visits, and geographic travel restrictions. D.E. 3 at 1–2 ("Petitioner's Status Report"); D.E. 3-3 ("Status Report Exhibits F-J"); D.E. 8-3 ("SmartLINK Agreement").

## II. DISCUSSION

### A. Habeas In-Custody Requirement

As a threshold matter, a petitioner seeking habeas relief under 28 U.S.C. § 2241 must establish that she is "in custody" in violation of federal law. 28 U.S.C. § 2241(c)(3). Petitioner's remaining parole conditions satisfy the "in custody" requirement of 28 U.S.C. § 2241(c)(3) because they impose substantial restraints on her freedom of movement and require continuing reporting and supervision. *See Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that

parole restrictions constitute habeas custody); *Barry v. Bergen Cnty. Prob. Dep't*, 128 F.3d 152, 160–61 (3d Cir. 1997) (recognizing that significant non-detention restraints may satisfy the custody requirement); *Piasecki v. Ct. of Common Pleas*, 917 F.3d 161, 170–73 (3d Cir. 2019) (considering substantial reporting and movement restrictions in determining habeas custody).

### B. Count One: Final Removal Order and *Zadvydas*

Petitioner contends that her continued parole supervision is unlawful because her removal is not reasonably foreseeable. Petition ¶¶ 90–93; Reply at 3. That argument does not establish a violation of federal law. 8 U.S.C. § 1182(d)(5)(A) authorizes immigration parole on a case-by-case basis, "under such conditions as [the Secretary] may prescribe." Additionally, 8 C.F.R. § 212.5(d) permits reasonable assurances of a noncitizen's appearance at hearings or departure from the United States and reasonable reporting requirements.

SIJ classification provides a pathway to lawful permanent residence for certain noncitizen children who cannot reunify with a parent because of abuse, neglect, or abandonment. *See* 8 U.S.C. §§ 1101(a)(27)(J), 1255(h); 8 C.F.R. § 204.11. Although Petitioner obtained SIJ classification and deferred action through February 2029, neither vacates her existing expedited removal order. USCIS Notice of Action; Expedited Removal Order. Rather, deferred action postpones enforcement of that order without cancelling it. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483–84 (1999) (describing deferred action as an exercise of prosecutorial discretion); *Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 169–71 (3d Cir. 2018) (discussing statutory protections afforded to SIJ beneficiaries).

The Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001) also does not require termination of Petitioner's parole conditions. In *Zadvydas*, the Court held that 8 U.S.C. § 1231(a)(6) does not authorize continued detention when removal is no longer reasonably

foreseeable but expressly recognized that release may be subject to appropriate supervision conditions. *Id.* at 699–700. Even assuming Petitioner's deferred action makes removal unlikely during its stated term, that circumstance does not extinguish DHS's statutory authority to impose lawful parole conditions. *Id.* at 700. The Court will therefore **DENY** Count One.

### C. Counts Two and Three: Procedural and Substantive Due Process

Petitioner also raises procedural and substantive due process challenges to ICE's imposition of SmartLINK reporting, home visits, and geographic travel restrictions. She asserts that these conditions implicate her liberty interest in freedom of movement and that ICE imposed them without explaining why they were necessary in her case or providing an opportunity to contest them. Petition ¶¶ 94–101; Reply at 4–5.

To determine Petitioner's procedural due process claim, the Court must weigh Petitioner's liberty interest, "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest." *Mathews v. Eldridge*, 424 U.S. 319, 353 (1976).

USCIS granted Petitioner deferred action, and she alleges that she has complied with immigration requirements and has no criminal history. Petition ¶¶ 25–26. These circumstances suggest that an opportunity to contest her parole conditions could have some value. Petition ¶¶ 9, 75–76. The record does not establish whether ICE assessed Petitioner's individual circumstances before imposing those conditions. Conversely, DHS possesses statutory authority to impose reasonable parole conditions and has a legitimate interest in ensuring compliance with immigration requirements. 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(d).

On September 3, 2026, ICE removed Petitioner's GPS ankle monitor and replaced it with SmartLINK reporting. Petitioner's Status Report at 1–2. Petitioner remains subject to electronic

and in-person reporting, scheduled home visits, and geographic travel restrictions. *Id.* Although these conditions restrict her freedom of movement and permit continued location monitoring, they are less intrusive than continuous GPS ankle monitoring. Weighing the nature and extent of these remaining restrictions, the potential value of additional procedural protections, and DHS's interest in ensuring Petitioner remains available for immigration proceedings and possible removal, the Court concludes that Petitioner has not established that due process required an adversarial hearing or separate written findings before ICE imposed the conditions. The Court will therefore **DENY** Count Two.

Petitioner also alleges that her supervision conditions violate substantive due process. Petition ¶¶ 101–06. Substantive due process prohibits executive action that is so arbitrary or egregious that it shocks the conscience. *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998). Although Petitioner alleges that ICE imposed her conditions without an individualized assessment, the absence of such an assessment does not, standing alone, establish a substantive due process violation. *See id.* ICE possesses statutory authority to impose reasonable conditions of immigration parole. 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(d).

Following removal of the GPS ankle monitor, Petitioner's remaining SmartLINK reporting, home visits, and geographic restrictions are consistent with the Government's legitimate immigration supervision objectives. Moreover, the SmartLINK Agreement requires participants to comply with random check-ins if required by their supervision program, remain within geographic areas designated by ICE, and seek permission before traveling outside those areas. SmartLINK Agreement at 3. The Agreement further requires participants to comply with its conditions until they complete the program or receive different instructions from a case specialist. *Id.* These provisions contemplate changes to supervision requirements, although the Agreement

does not establish whether ICE conducted an individualized assessment before imposing Petitioner's conditions. *Id.* The record does not establish that these conditions are punitive, wholly unrelated to those objectives, or so arbitrary or oppressive as to violate substantive due process. The Court will therefore **DENY** Count Three.

**D. Count Four: *Accardi* Doctrine**

Under the *Accardi* doctrine, federal agencies must follow their own binding regulations, including those governing the exercise of discretionary authority. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–68 (1954). When those regulations require a decisionmaker to exercise independent judgment, the agency may not dictate or predetermine the outcome. *Id.* at 267–68. Moreover, an agency's violation of a regulation promulgated to protect fundamental statutory or constitutional rights may warrant judicial relief without a separate showing of prejudice. *Leslie v. Att'y Gen.*, 611 F.3d 171, 178–80 (3d Cir. 2010).

Petitioner alleges that ICE violated its own procedures by imposing supervision conditions without an individualized assessment. Petition ¶¶ 107–13. She relies on ICE's published Alternatives to Detention ("ATD") guidance, which describes individualized supervision determinations, and an ICE officer's repeated statements to Petitioner's counsel that everyone released from immigration detention receives an ankle monitor. Petition ¶¶ 87–88; D.E. 1-5 ("Declaration of Mayra A. Cano, Esq.") ¶¶ 16–19.

However, Petitioner has not demonstrated that ICE's published ATD guidance constitutes a binding procedural requirement enforceable under *Accardi*. Neither 8 C.F.R. § 212.5(d) nor the other regulations Petitioner identifies require ICE to conduct an individualized assessment or issue written findings before imposing conditions of parole. The Court will therefore **DENY** Count Four.

### E. Count Five: APA Arbitrary and Capricious Claim

In Count Five, Petitioner brings a claim under the APA alleging that Respondents acted arbitrarily and capriciously by imposing electronic monitoring and other supervision conditions without considering her deferred action, lack of criminal history, compliance record, and community ties. Petition ¶¶ 115–20. The Court lacks jurisdiction to review ICE's discretionary selection of those conditions.

Under 8 U.S.C. § 1252(a)(2)(B)(ii), judicial review is precluded where Congress expressly commits the challenged decision to agency discretion. *See Kucana v. Holder*, 558 U.S. 233, 246–49 (2010) (holding that the jurisdictional bar applies to discretion specified by statute rather than solely by regulation); *Soltane v. U.S. Dep't of Justice*, 381 F.3d 143, 146–48 (3d Cir. 2004) (requiring that the governing statute specify discretionary authority); *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 203–05 (3d Cir. 2006) (holding that statutorily discretionary visa-revocation decisions are unreviewable). Congress expressly authorized the Secretary, in the Secretary's discretion, to grant immigration parole "under such conditions as he may prescribe." 8 U.S.C. § 1182(d)(5)(A). Accordingly, insofar as Petitioner challenges ICE's discretionary determination that SmartLINK and other supervision requirements are appropriate conditions of parole, § 1252(a)(2)(B)(ii) precludes judicial review. The Court will therefore **DISMISS *without prejudice*** Count Five for lack of subject matter jurisdiction.

### F. Count Six: Ultra Vires Agency Action

Petitioner also alleges that ICE exceeded its statutory authority by imposing supervision conditions despite her approved SIJ classification and grant of deferred action. Petition ¶¶ 121–24. However, 8 U.S.C. § 1182(d)(5)(A) expressly authorizes DHS to grant immigration

parole subject to conditions prescribed by the Secretary, and 8 C.F.R. § 212.5(d) permits reasonable reporting and appearance requirements. Neither SIJ classification nor deferred action extinguishes DHS's statutory authority to impose lawful conditions of parole. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483–84 (1999) (describing deferred action as an exercise of prosecutorial discretion). Moreover, the SmartLINK Agreement contemplates participant-specific reporting obligations, geographic restrictions designated by ICE, and subsequent modifications to supervision requirements. SmartLINK Agreement at 2–3. Petitioner has not established that her SmartLINK reporting, home visits, and geographic restrictions exceed the authority conferred by the governing statute and regulation. The Court will therefore **DENY** Count Six.

**G. Count Seven: Retained Documents**

Petitioner alleges that ICE retained her Employment Authorization Document, Social Security card, Colombian identification card, and New Jersey driver's license following her release from immigration detention. Petition ¶¶ 125–30; D.E. 3-3 ("Property Receipts") at 3–6. Respondents report that efforts to locate the documents remain ongoing. Answer at 2.

*First*, the alleged retention of Petitioner's documents does not concern the fact or duration of her custody and therefore does not independently support habeas relief under 28 U.S.C. § 2241. *See Leamer v. Fauver*, 288 F.3d 532, 540–42 (3d Cir. 2002) (distinguishing challenges properly brought in habeas from claims concerning other governmental conduct).

*Second*, the Court separately considers Petitioner's APA claim concerning ICE's continued retention of her identification documents. Under 5 U.S.C. § 706(1), a court may compel only discrete agency action that the agency is legally required to take. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–65 (2004). Petitioner has not identified a statute or binding regulation

requiring ICE to return the particular documents under the circumstances presented. Nor has she established a final agency decision to retain or forfeit them, rather than an unresolved effort to locate them, that would be reviewable under § 706(2). *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (setting forth the requirements for final agency action).

*Finally*, to the extent Petitioner asserts a Fifth Amendment procedural due process claim based on ICE's continued retention of her identification and employment documents, the present record does not sufficiently establish the circumstances of that retention, whether ICE has refused Petitioner's requests for their return, or whether constitutionally adequate procedures are available to recover them. *See Alvin v. Suzuki*, 227 F.3d 107, 116–18 (3d Cir. 2000) (explaining that a procedural due process violation generally requires inadequacy of the procedures available to remedy the alleged deprivation).

Accordingly, because Petitioner's property claim is not cognizable in habeas and the present record does not establish a basis for relief under the APA or the Fifth Amendment, the Court will **DENY** Count Seven.

**H. Count Eight: Declaratory Judgment and Prospective Relief**

Finally, Petitioner seeks declaratory judgment concerning the legality of her immigration supervision and prospective relief from the possibility of future detention, removal, or modification of her supervision conditions. Petition ¶¶ 131–33. The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for federal jurisdiction or create a substantive cause of action. *See Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021). To the extent Petitioner seeks a declaration concerning her existing supervision conditions, that request will also be denied for the reasons stated in the Court's disposition of Counts One through Six.

If Petitioner seeks protection against possible future detention, removal, or changes in supervision, those claims are not ripe because they depend on contingent events that may never occur. *See Texas v. United States*, 523 U.S. 296, 300 (1998) (explaining that a claim is not ripe when it rests upon contingent future events that may not occur as anticipated or at all); *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647–50 (3d Cir. 1990) (identifying adversity of interests, conclusiveness, and practical utility as considerations in determining whether declaratory relief is appropriate). Accordingly, the Court will **DENY *with prejudice*** Count Eight insofar as it seeks declaratory relief concerning Petitioner's existing supervision conditions and **DISMISS *without prejudice*** Count Eight insofar as it challenges hypothetical future immigration actions.

## III. CONCLUSION AND ORDER

Accordingly,

**IT IS**, on this **13th** day of November, 2026,

**ORDERED** that Counts One through Four and Counts Six and Seven are **DENIED**; and it is further

**ORDERED** that Count Five is **DISMISSED *without prejudice*** for lack of subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii); and it is further

**ORDERED** that Count Eight is **DENIED** insofar as it seeks declaratory relief concerning Petitioner's existing supervision conditions and **DISMISSED *without prejudice*** insofar as it seeks relief concerning hypothetical future immigration actions; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

Evelyn Padin, U.S.D.J.